[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14100
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00403-CR-3-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLO GRIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 9, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Marlo Grier appeals his ten-month sentence imposed following revocation of

his term of supervised release, 18 U.S.C. § 3583(e).  We conclude the sentence

imposed was reasonable and affirm.

In 2006, Grier pleaded guilty to one count of theft of firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(u). In July 2006, the district court sentenced Grier to twelve months and one day in prison, followed by three years of supervised release. One of the conditions of Grier's supervised release was that he not commit another federal, state, or local crime. Grier was released from prison in August 2007 and began his term of supervised release.

In 2009, the probation officer filed a petition for a warrant and an order to show cause as to why Grier's supervised release should not be revoked. The petition alleged, and Grier did not contest, that Grier had violated the conditions of his release by committing a burglary in Rockdale County, Georgia. The district court found that Grier was in violation of his supervised release, calculated the advisory guidelines range as four to ten months' imprisonment, and sentenced him to ten months. On appeal, Grier argues that his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors.

We review a sentence imposed following revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). In reviewing whether a sentence is reasonable, we must ensure,

first, that the district court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L.Ed.2d 445 (2007). We must then determine whether the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors, using an abuse-of-discretion standard. *Id.* at 51, 128 S.Ct. at 597.

Here, Grier argues only that his sentence is substantively unreasonable. As the party challenging the sentence, Grier bears the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We have "recognize[d] that there is a range of reasonable sentences from which the district court may choose." *Id.* We ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. *Id.* We "will defer to the district court's judgment regarding the weight given to the § 3553(a) factors" unless we conclude that the district court made a clear error of judgment. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We conclude the ten-month sentence is substantively reasonable. Both

Grier's original conviction and the violation at issue involved the commission of burglaries. Therefore, a longer sentence was justified based upon the nature and circumstances of the violation, Grier's history and characteristics, the need to promote respect for the law, and the need to protect the public.

Grier's sentence is within his advisory guideline range and is fourteen months less than the statutory maximum. And although Grier cites various considerations that might weigh in favor of a shorter sentence, such as his lack of previous violations and his willingness to cooperate in the state investigation into the burglary, we defer to the district court's decision to give other considerations more weight. Because the district court did not abuse its discretion by sentencing Grier to ten months' imprisonment, we affirm.

**AFFIRMED.**